PHILLIP A. TALBERT
United States Attorney
ROBERT L. VENEMAN-HUGHES
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-MJ-00121-JLT-EPG |
| Plaintiff, | UNITED STATES REPLY TO DEFENDANT'S BRIEF ON DETENTION |
| v. | |
| ERIK OSORIO OLIVAREZ, | DATE: October 30, 2024<br>TIME: 2:00 p.m.<br>COURT: Hon. Erica P. Grosjean |
| Defendant. | |

    The United States of America, by and through Philip A. Talbert, United States Attorney, and Justin J. Gilio, Assistant United States Attorney, files this response to the defendant's brief on detention.

### I. BACKGROUND

    On October 22, 2024, a federal search warrant was executed at a residence that defendant Erik Osorio shares with his codefendant. During the search, the pair were encountered and apprehended on arrest warrants issued out of this district for bank robbery and conspiracy to commit bank robbery.

    The arrests were made in Valencia, CA, in the northern part of the Central District of California. After the search was completed, both defendants were read their Miranda rights, and both separately agreed to speak with investigators through an interpreter. Mr. Osorio's recorded interview began at about 8:00 a.m. and ended around 10:17 a.m. Agents then prepared Mr. Osorio to be transported to the jail to be booked. By that time, however, the investigators on scene determined that, taking into account

travel time and traffic, he would be unable to make it to the Los Angeles County Jail in time for an initial appearance that same day. Like the Eastern District of California, the Central District of California has a cutoff time for initial appearances, and that cutoff time is 11:00 a.m. That is, any arrestee that reports to the jail after 11:00 a.m. is placed on the following day's duty calendar. Because the defendants would not be able to appear until the following day, the government transported them to the Fresno County Jail for an initial appearance in the Eastern District of California under the mistaken belief that Mr. Osorio would appear in court in the Eastern District of California before he would appear in court in the Central District of California. Thus, the government failed to recognize that the initial appearance calendar for October 23, 2024, in the Central District of California was scheduled for 1:30 p.m., 30 minutes earlier than that held in the Eastern District of California.

Mr. Osorio was transported to Fresno and made his initial appearance in Fresno at 2:00 p.m. on October 23. During the hearing, Mr. Osorio requested that a detention hearing be set for October 30.

On October 29, Mr. Osorio filed a brief arguing that the government violated federal Rule of Criminal Procedure 5 by delaying his initial appearance by transporting him to Fresno and contending that the appropriate remedy for the violation is release pending trial.

## II.   DISCUSSION

### A.   Release pretrial is not an appropriate remedy for a violation of Rule 5(c)(2).

Federal Rule of Criminal Procedure Rule 5(c)(2) provides that if the defendant was arrested in a district other than where the offense was allegedly committed, "the initial appearance must be: (A) in the district of arrest; or (B) in an adjacent district if: (i) the appearance can occur more promptly there." Here, because the transport of Mr. Osorio was going to result in him missing the Central District of California's 11:00 a.m. cutoff, the government mistakenly believed that transporting him to the Fresno County Jail (in the adjacent district) would result in an initial appearance sooner than if he had been booked at the Los Angeles County Jail. In fact, however, booking him at the Fresno County Jail instead of the Los Angeles County jail resulted in his appearing 30 minutes later than he would have appeared in the Central District of California. This was a violation of Rule 5(c)(2).

To the extent that Mr. Osorio alleges that "the government appears to deliberately avoid the Central District of California to gain an advantage in detention/release litigation," that characterization is

inaccurate.  On the night before the search warrant, the government made arrangements to have Mr. Osorio transported to the Los Angeles County Jail on the morning of his arrest.  Undersigned counsel e-mailed—on the night before the arrest—the duty Assistant U.S. Attorney in the Central District of California to notify of the arrests and potential initial appearances that would be occurring in that district.  Those communications included a request for the duty Assistant U.S. Attorney to move for detention and (in case of the Central District Magistrate Judge ordering release) a request for a 48-hour stay so that the government would have the opportunity to appeal that decision.  Then, when the undersigned learned that the defendants had missed the cutoff and were in route to the Fresno County Jail, the undersigned informed the Assistant U.S. Attorney that the defendants were being brought to Fresno instead.  The government's error in this case was made in good faith based on a mistaken belief that presentment would not occur more promptly in the Central District of California, and without regard to the detention venue.

As for the government's interview of the defendant, the government was not required to cease its investigation to accomplish his transportation to appear for his initial appearance.  The Ninth Circuit has held that when an interview that took place during the six-hour safe harbor created an overnight delay in seeing a magistrate judge because of court schedules, that delay was not unreasonable.  *See United States v. Redlightning*, 624 F.3d 1090, 1108 (9th Cir. 2010) (interview of defendant that began with his arrest at 12:22 p.m. and caused him to miss 2:30 p.m. arraignment was not unreasonable delay, where defendant arraigned on following day at 2:30 p.m.).  The interviews in this case were completed well within the six-hour rule.  And in any case, whether evidence arising from those interviews should be suppressed is an issue to be litigated outside the context of detention, at another stage of the proceeding.  The remedy for a violation of Rule 5 is not release pretrial; instead, it is suppression of any post-arrest evidence illegally obtained as a result of the violation of the rule's requirements.  *See United States v. Peeples*, 962 F.3d 677, 687 (2nd Cir. 2020) ("We see no reasonable basis to adopt a different remedy here with respect to Rule 5(c)(2).").  Mr. Osorio's confession was not illegally obtained.  And a confession is not suppressible on prompt-presentment grounds if the confession is made within six hours of arrest and is otherwise voluntary—as was the case here—even if the presentment is delayed in a manner that violated Rule 5.  *United States v. Valenzuela-Espinoza*, 697 F.3d 742, 748 (9th Cir. 2012)

GOVERNMENT BRIEF ON DETENTION 3

("18 U.S.C. § 3501(c) provides a six-hour 'safe harbor' period during which a confession will not be deemed inadmissible solely because of delay in presentment to a magistrate.").

Thus, the government's good-faith error in selecting the district of initial appearance that resulted in a 30-minute delay in Mr. Osorio's presentment before a magistrate judge should not result in his release pretrial. Instead, the Court should engage in the normal detention analysis under the Bail Reform Act.

Dated:  October 29, 2024                              PHILLIP A. TALBERT
                                                                      United States Attorney

                                                 By:  /s/ JUSTIN J. GILIO
                                                          JUSTIN J. GILIO
                                                          Assistant United States Attorney